UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PATRICK DORSAINVIL,

                                                           Plaintiff,

                                 **COMPLAINT**

               -against-

THE CITY OF NEW YORK, POLICE OFFICER MYLES
LENNARD (Shield # 2804), POLICE OFFICER JOHN      Jury Trial Demanded
DOE,

                                                       Defendants.

------------------------------------------------------------------------ x

        Plaintiff PATRICK DORSAINVIL, by his attorney RICHARD CARDINALE, alleges as follows:

**PRELIMINARY STATEMENT**

        1.     This is a civil rights action in which the plaintiff alleges that the City of New York and two New York City Police Officers violated his rights under 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution by falsely arresting him, maliciously prosecuting him and denying him a fair trial.  Plaintiff also asserts claims of false arrest, malicious prosecution and vicarious liability under New York state law.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

**JURISDICTION & VENUE**

        2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false arrest, malicious prosecution and vicarious liability which form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6. In connection with plaintiff's claims under state law, a notice of claim was duly filed with the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing, and the City has not offered to settle plaintiff's state law claims.

7. This action is brought within one year and 90 days of the incident at issue.

## PARTIES

8. Plaintiff is a resident of the State of New York, County of Kings.

9. The City of New York is a municipal corporation organized under the laws of the State of New York.

10. The individual defendant, Myles Lennard, is a member of the New York City Police Department ("NYPD"). Lennard was acting under color of state law and within the scope of his employment as a member of the NYPD at all relevant times herein. Lennard is sued in his individual capacity.

**STATEMENT OF FACTS**

11. On July 18, 2014, at approximately 9:30 p.m., plaintiff was in the vicinity of 529 East 22nd Street in Brooklyn, New York, accompanied by his 12 year-old brother.

12. At the above time and place, Police Officer Myles Lennard and a second officer, whose identify is unknown, falsely accused plaintiff of throwing a marijuana cigarette to the ground, stomping on the cigarette, and kicking the cigarette under a car.

13. The two officers searched plaintiff and did not find any marijuana on him.

14. The two officers searched the ground and did not find any marijuana.

15. The two officers formally arrested plaintiff and took him to the 70th Precinct.

16. In the 70th Precinct, Officer Lennard, with the approval of the second officer, charged plaintiff with Attempted Criminal Tampering in the First Degree.

17. Plaintiff was subsequently taken to Brooklyn Central Booking.

18. While plaintiff was in custody, Officer Lennard, with the approval of the second officer, misrepresented to the Kings County District Attorney's Office that plaintiff had committed the crime Attempted Criminal Tampering in the First Degree.

19. Officer Lennard, with the approval of the second officer, encouraged prosecutors to file a false criminal charge of Attempted Criminal Tampering in the First Degree against plaintiff.

20. Officer Lennard, with the approval of the second officer, signed and swore to the accuracy of a criminal court complaint falsely charging plaintiff with Attempted Criminal Tampering in the First Degree.

21. The criminal court complaint falsely stated that Officer Lennard "observed [the plaintiff] rolling what appeared to be a marijuana cigarette and smelled a strong odor of marijuana in the area." The complaint further falsely alleged that Officer Lennard observed plaintiff "throw what appeared to be a marijuana cigarette to the ground, stomp the object and kick the object under a nearby car."

22. Approximately 24 hours after his arrest, plaintiff was arraigned in criminal court, released on his own recognizance and ordered to return to court.

23. Plaintiff made approximately two court appearances after his arraignment and experienced a significant amount of anxiety while the criminal charges were pending.

24. On September 17, 2014, plaintiff appeared in criminal court and the criminal charges were dismissed upon motion of the prosecution.

25. As a result of the defendants' actions, plaintiff suffered a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment, and humiliation.

## FIRST CLAIM

### (§ 1983; FALSE ARREST)

(Against Defendant Myles Lennard)

26. Plaintiff repeats the foregoing allegations.

27. Plaintiff was conscious of his confinement on July 18, 2014, he did not consent to his confinement and his confinement was not privileged.

28. Accordingly, defendant Myles Lennard is liable to plaintiff under the Fourth Amendment for falsely arresting him.

## SECOND CLAIM

### (§ 1983; MALICIOUS PROSECUTION)

(Against Defendant Myles Lennard)

29. Plaintiff repeats the foregoing allegations.

30. Defendant Myles Lennard maliciously misrepresented to prosecutors that plaintiff had committed a crime and initiated a prosecution against plaintiff or played a role in initiating a prosecution against plaintiff.

31. Defendant's misrepresentations deprived plaintiff of liberty.

32. The criminal case filed against plaintiff was ultimately dismissed.

33. Accordingly, defendant Myles Lennard is liable to plaintiff under the Fourth Amendment for maliciously prosecuting him.

## THIRD CLAIM

### (§ 1983; DENIAL OF A FAIR TRIAL)

(Against Defendant Myles Lennard)

34. Plaintiff repeats the foregoing allegations.

35. Defendant Myles Lennard maliciously misrepresented to prosecutors that he smelled a strong odor of marijuana in plaintiff's vicinity and that he observed plaintiff rolling what appeared to be a marijuana cigarette, throw what appeared to be a marijuana cigarette to the ground, stomp the object, and kick the object under a nearby car.

36. Defendant's misrepresentations deprived plaintiff of liberty.

37. Accordingly, defendant Myles Lennard is liable to plaintiff under the Sixth Amendment for denying him a fair trial.

## **FOURTH CLAIM**

## **(§ 1983; FAILURE TO INTERVENE)**

(Against Defendant Myles Lennard)

38. Plaintiff repeats the foregoing allegations.

39. Defendant Myles Lennard had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the Fourth and Sixth Amendments, but he failed to fulfill his constitutional obligation to intervene.

40. Accordingly, defendant Myles Lennard is liable to plaintiff under the Fourth and Sixth Amendments for failing to intervene to prevent the violation of plaintiff's rights under those amendments.

## **FIFTH CLAIM**

## **(FALSE ARREST UNDER N.Y. STATE LAW)**

(Against All Defendants)

41. Plaintiff repeats the foregoing allegations.

42. Plaintiff was conscious of his confinement on July 18, 2014, he did not consent to his confinement and his confinement was not privileged.

43. The City of New York is vicariously liable to plaintiff because the Myles Lennard was acting within the scope of his employment as a member of the NYPD at all relevant times.

44. Accordingly, all of the defendants are liable to plaintiff under New York state law for false arrest.

## SIXTH CLAIM

### (MALICIOUS PROSECUTION UNDER N.Y. STATE LAW)

(Against All Defendants)

45. Plaintiff repeats the foregoing allegations.

46. Defendant Myles Lennard maliciously misrepresented to prosecutors that plaintiff had committed a crime and initiated a prosecution against plaintiff or played a role in initiating a prosecution against plaintiff.

47. The criminal case filed against plaintiff was ultimately dismissed.

48. The City of New York is vicariously liable to plaintiff because Myles Lennard was acting within the scope of his employment as a member of the NYPD at all relevant times.

49. Accordingly, all of the defendants are liable to plaintiff under New York state law for malicious prosecution.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED:  December 12, 2014

/s/

_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391